**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MICHAEL GEOVANNI RICHARDS,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-08381-JLT-SAB

A-Number: 220-835-755

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Michael Geovanni Richardsis a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Jamaica. He entered the United States without inspection in December 2021, and was encountered by U.S. Border Patrol near the San Ysidro Port of Entry. (Doc. 8 at 13.) The following day, Petitioner was processed with a Notice to Appear and released from custody. (*Id.*) On September 24, 2024, Petitioner was encountered by ICE after being arrested for: Aggravated Assault with a Deadly Weapon Without Intent to Kill, Aggravated Battery on a

Pregnant Victim, and a Conditional Release violation. (*Id*. at 14.) Adjudication was ultimately withheld for the Domestic Battery charge, and Petitioner was sentenced to 12 months' probation. (*Id*.) Petitioner was convicted of a conditional release violation and sentenced to 30 days' incarceration. (*Id*.) After completing local charges, Petitioner was transferred to ICE custody on December 6, 2024, for further processing. (*Id*. at 13.) He was served with a Notice to Appear on December 7, 2024, and was released on bond by an immigration judge on February 12, 2025. (*Id*.)

On January 26, 2026, Petitioner was arrested for Aggravated Battery on a Pregnant Victim. (*Id*. at 48-55.) He plead no contest and adjudication appears to have been withheld. (*Id*.) Following his arrest, he was encountered by immigration authorities at the Bay County Jail in Panama City, Florida. (*Id*. at 13.) In February 2026, Petitioner was arrested pursuant to an arrest warrant. (*Id*. at 57.) In May, in addition to his current charges of removal, he was also charged with removal as an arriving alien who applied for admission on December 12, 2021, at the San Ysidro Port of Entry. (*Id*. at 59.) On June 10, 2026, his applications for relief were denied and he was ordered removed to Jamaica. (*Id*. at 62-65.) He timely appealed his removal order. (*Id*. at 67-69.) Petitioner is detained at the Mesa Verde ICE Processing Center in Bakersfield, California. (Doc. 1 at 1.)

On October 13, 2026, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his arrest by immigration authorities without a constitutionally adequate pre-deprivation process violates his rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 16-17.) On November 6, 2026, Respondents filed an opposition, arguing that Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b)(1). (*See* Doc. 8.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**III. DISCUSSION**

Pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a), not. § 1225(b)(1), governs Petitioner's detention. *See also, J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). Respondent's prior release of Petitioner creates a liberty interest under the Due Process Clause, although his recent criminal history justified providing Petitioner with a prompt post-deprivation hearing. *See J.S.H.M,* 2025 WL 2938808, at *15. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

4. **At least 72 hours before** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled

to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.**

6. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Center in Bakersfield, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: November 13, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE